IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Petitioner, | : |
| v. | : C.A. No. 13-231-LPS |
| UNITED STATES OF AMERICA, and PERRY PHELPS, Warden, | : |
| Respondents. | : |

**MEMORANDUM**

**I. BACKGROUND**

Pending before the Court is Petitioner Ivan L. Mendez's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application").[1] (D.I. 1; D.I. 5) In 2001, Petitioner was convicted of first degree robbery and possession of a deadly weapon during the commission of a felony. The instant Petition asserts that "they found him innocent [of his 2001 convictions], not in the courts but in an all of his mind and brain drills." (D.I. 1) Petitioner was already denied habeas relief for these same convictions on one prior occasion, when the Honorable Joseph J. Farnan, Jr. dismissed his first application as time-barred. *See Mendez v. Carroll*, 2005 WL 3299708 (D. Del. Nov. 30, 2005).

---

[1]Petitioner originally filed a form application for a § 2255 motion in the District Court for the Eastern District of Pennsylvania, and that court transferred the matter here. (D.I. 1) Although Petitioner used the form for a § 2255 motion and named the United States as the Respondent, he clearly indicated that he was challenging the 2001 convictions rendered in the Delaware state court system. In turn, he subsequently filed a form application for habeas corpus relief under 28 U.S.C. § 2254, in which he asserts that this Court already has the information regarding his grounds for relief. (D.I. 5) Thus, the Court will treat the instant proceeding as one filed pursuant to § 2254.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The denial of Petitioner's first habeas application as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005). Although it is unclear whether Petitioner could have asserted the instant "actual innocence" arguments in his first application, the question as to whether his current allegations of innocence based on "mind and brain drills" constitutes clear and convincing evidence permitting him to file a second or successive application is an issue for the Third Circuit Court of Appeals to decide, not this Court. *See* 28 U.S.C. § 2244(b)(2)(B)(ii) & (3)(A). Notably, Petitioner does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending Application. Accordingly, the Court will dismiss the Application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28

2

U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss Petitioner's Application for federal habeas relief. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: August 14, 2014

_____
UNITED STATES DISTRICT JUDGE

3